# EXHIBIT A

Electronically Filed
5/6/2019 1:54 PM
Steven D. Grierson
CLERK OF THE COURT

1   COMJD
    SHARON L. NELSON
2   Nevada Bar No. 6433
    NELSON LAW
3   5940 S. Rainbow Blvd.
    Las Vegas, Nevada 89118
4   Telephone:      (702) 247-4529
    Facsimile:      (702) 737-4529
5   Attorneys for Plaintiff
    KALENA SHERWOOD
6

CASE NO: A-19-794248-C
Department 25

7                    DISTRICT COURT

8              CLARK COUNTY, NEVADA

9   KALENA SHERWOOD, an individual        Case No.:
                                          Dept. No.
10              Plaintiff,
                                          PLAINTIFF'S COMPLAINT AGAINST
11  vs.                                   DEFENDANT

12  BLUE RIBBON FRIED CHICKEN GRAND       [EXEMPT FROM ARBITRATION-
    BAZAAR, LLC, a domestic limited liability   INJUNCTIVE AND/OR EQUITABLE
13  company; Does I-X and Roes I-X        RELIEF REQUESTED]

14              Defendants.

15          Plaintiff, Kalena Sherwood, an individual (hereinafter referred to as "Plaintiff"), by and

16  through her undersigned attorney of the law firm of Nelson Law, hereby alleges and complains

17  against Defendant Blue Ribbon Fried Chicken Grand Bazaar, LLC, a domestic limited liability

18  company (hereinafter referred to as "Defendant") as follows:

19          1.      That at all times relevant herein, Plaintiff was a resident of the State of Nevada.

20          2.      That at all times relevant herein, Defendant Blue Ribbon Fried Chicken Grand

21  Bazaar, LLC has been a domestic limited liability licensed and conducting business in the State

22  of Nevada.

23

24

3.      The true names and capacities, whether individual, corporate or other business entity, of Defendants Does I-X and Roes I-X are unknown to Plaintiff.  Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein Does I-X and Roes I-X are negligent or responsible in some manner for the events and happenings herein referred to and negligently, carelessly, recklessly, and in a manner that was grossly negligent, and/or willful, and/or wanton, and caused damages proximately thereby to the Plaintiff as alleged herein. Plaintiff will petition this Court to amend this Complaint to insert the true names of each party designated as Doe and/or Roe Defendants when said parties are ascertained.

4.      At all relevant times, Plaintiff was employed by Defendant as a manager.

5.      Plaintiff suffered from a serious health condition and notified Defendant of the same.

6.      Plaintiff requested time away from work for a surgery to help address her serious health condition.

7.      Plaintiff's request was denied and Plaintiff was informed she could not take time off of work as she was a supervisor.

8.      In or around May of 2018, Plaintiff came to work to speak with the General Manager Michael Coop (hereinafter "Coop") about time Plaintiff needed away from work due to a serious health condition.

9.      Coop told her he was aware of the serious health condition as security cameras showed Plaintiff sick, coughing up blood and more.

10.     However, Coop informed Plaintiff that he would not contest her unemployment and that she was being terminated.

11.     Plaintiff was allegedly terminated due to interactions with other employees.

12.     Prior to Plaintiff's termination she had not been disciplined or negatively evaluated for any serious infraction.

## FIRST CAUSE OF ACTION
### (Violation of the Family and Medical Leave Act)

13.     Plaintiff repeats and realleges paragraphs 1-12 by this reference the same as though fully set forth herein.

14.     At all times relevant herein, Defendant was an employer covered by the Family and Medical Leave Act (hereinafter "FMLA").

15.     At all times relevant herein, Plaintiff was entitled to leave under the FMLA.

16.     Pursuant to 29 U.S.C. §2615, it is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by the FMLA.

17.     Defendant's refusal to provide leave to Plaintiff violated the FMLA and Plaintiff's rights afforded by the FMLA.

18.     Defendant's conduct complained of herein was willful and in disregard of Plaintiff's rights. Defendant and its supervisory personnel were aware that discrimination against Plaintiff for the use of FMLA leave was unlawful but acted in reckless disregard of the law.

19.     As a result of Defendant's conduct, Plaintiff is entitled to damages in an amount in excess of $15,000.00.

20.     As a result of Defendant's conduct, Plaintiff is entitled to her attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of the Family Medical Leave Act)

21.     Plaintiff repeats and realleges paragraphs 1-20 by this reference the same as though fully set forth herein.

1  22.   Plaintiff requested and was denied leave for a serious health condition.

2  23.   Rather than provide Plaintiff the leave requested, Defendant terminated Plaintiff.

3  24.   On information and belief, Defendant's conduct was in retaliation for Plaintiff's

4  lawful request for FMLA leave.

5  25.   Pursuant to 29 U.S.C. §2615, it is unlawful for any employer to interfere with,

6  restrain, or deny the exercise of or the attempt to exercise, any right provided by the FMLA.

7  26.   Defendant violated the anti-retaliation provisions of the FMLA by subjecting

8  Plaintiff to an adverse employment actions (termination) as a result of her request for FMLA

9  leave.

10  27.   Defendant's conduct complained of herein was willful and in disregard of

11  Plaintiff's rights.   Defendant and its supervisory personnel were aware that retaliation against

12  Plaintiff for the use of FMLA leave was unlawful but acted in reckless disregard of the law.

13  28.   As a result of Defendant's conduct, Plaintiff is entitled to damages in an amount

14  in excess of $15,000.00.

15  29.   As a result of Defendant's conduct, Plaintiff is entitled to her attorney's fees and

16  costs.

17  ### THIRD CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

18

19  30.   Plaintiff incorporates by reference paragraphs 1-29 as though fully set forth

herein.

20

21  31.   Defendant's behavior towards Plaintiff has been extreme, outrageous and was at a

minimum, negligent.

22

23

24

Page 4 of 7

32.   Plaintiff has suffered serious emotional distress including resulting physical symptoms that included but are not limited to, hospitalization, severe vomiting, coughing up blood, extreme weight loss and more.

33.   As a direct and proximate result of the negligent infliction of emotional distressful acts of Defendant, Plaintiff is entitled to damages in excess of $15,000.00.

34.   As a result of Defendant's conduct, Plaintiff is entitled to her attorney's fees and costs.

### FOURTH CAUSE OF ACTION
**(Negligent Training and/or Supervision)**

35.   Plaintiff incorporates by reference paragraphs 1-34 as though fully set forth herein.

36.   Defendant has a duty to exercise ordinary care in the training and supervision of its employees.

37.   Defendant's duty exists to its employees including Plaintiff.

38.   Defendant breached that duty of care when it failed to properly train and/or supervise employees regarding FMLA, the request for and use of FMLA and the laws prohibiting adverse conduct as a result of FMLA use.

39.   Defendant also breached its due of care when it failed to follow its own internal policies and procedures regarding discipline, evaluations and/or terminations of employees.

40.   As a direct and proximate result of the negligent acts of Defendant, Plaintiff has been injured and has suffered damages in excess of $15,000.00.

41.   As a result of Defendant's conduct, Plaintiff is entitled to her attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant as follows:

1    (1)    For general damages for injury, pain and suffering in excess of $15,000.00;

2    (2)    For special damages in excess of $15,000.00;

3    (3)    For wages, salary, employment benefits and other compensation denied or lost in

4    an amount in excess of $15,000.00;

5    (4)    For interest calculated at the prevailing rate;

6    (5)    For liquidated damages if appropriate;

7    (6)    Equitable relief;

8    (7)    For exemplary damages if appropriate;

9    (8)    Attorney's fees and cost of suit incurred herein;

10   (9)    For punitive damages if appropriate;

11   (10)   For such other and further relief as the Court deems just and proper.

12   DATED this 6th day of May 2019.

13

                                 NELSON LAW

14

15                               /s/ Sharon L. Nelson
                                 SHARON L. NELSON
16                               Nevada Bar No. 6433
                                 5940 S. Rainbow Blvd.
17                               Las Vegas, Nevada 89118
                                 Attorneys for Plaintiff
18   //

19   //

20   //

21

22

23

24

1

<u>**DEMAND FOR JURY TRIAL**</u>

2      Plaintiff, by and through undersigned counsel, hereby demands trial by jury in the above

3   captioned matter.

4      DATED this <u>6th</u> day of May 2019.

5                                                    **NELSON LAW**

6

7                                                    <u>/s/ Sharon L. Nelson</u>
                                                     SHARON L. NELSON
8                                                    Nevada Bar No. 6433
                                                     5940 S. Rainbow Blvd.
9                                                    Las Vegas, Nevada 89118
                                                     Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24